```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
VICTORIA MILLER.,                                                  :
                                                                   :
                              Plaintiff,                           :
                                                                   :       1:25-cv-2540 (LJL)
                 -v-                                               :
                                                                   :            ORDER
JET BLUE AIRLINES,                                                 :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:  7/9/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiff Victoria Miller ("Plaintiff") originally filed this suit on December 16, 2024, in Civil Court of the City of New York, County of New York (Index No. CV-022679-24/NY) ("Civil Court"). Defendant Jet Blue Airlines ("Defendant") received the summons and complaint on March 15, 2025. Defendant filed a Notice of Removal on March 27, 2025. Dkt. No. 1. The Notice of Removal states that removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441 *et seq.*, because Plaintiffs' claim arises under the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, *reprinted in* S. Treaty Doc. No. 106–45 (2000), more commonly known as the Montreal Convention. Defendant served the removal papers upon Plaintiff on or about May 21, 2025, and mailed the removal papers to the Clerk of the New York City Civil Court. Despite the removal, the Civil Court has continued proceedings.

At Defendant's request, the Court scheduled a telephonic conference for July 9, 2025, on the subject of removal. Dkt. No. 10. Counsel for the Defendant appeared but Plaintiff did not appear, and the conference accordingly did not proceed.

Defendant's Notice of Removal divested the Civil Court of jurisdiction. At the same time that a district court *gains* jurisdiction over a removed case, the state court *loses* its jurisdiction over

that case. *See Corrado v. Cheng*, 2017 WL 5495813, at *3 (E.D.N.Y. Mar. 28, 2017) ("As a general rule, removal of an action divests the state court of its jurisdiction over the dispute while the removal petition is pending in federal court." (quoting *Astoria Fed. Sav. & Loan Association/Fidelity N.Y. FSB v. Lane*, 64 A.D.3d 454, 475 (1st Dep't 2009))). "The effect of the filing of the notice of removal is immediate. It ousts the state court of jurisdiction." *Rivqs v. Bowling Green Assocs., L.P.*, 2014 WL 3694983, at *1 (S.D.N.Y. 2014). Until and unless the Court remands the case, "the State court shall proceed no further." 28 U.S.C. § 1446.

At this time, this case may proceed only before this Court and may not proceed before the Civil Court. The parties shall file a joint proposed case management plan by July 16, 2025.[1] Along with the case management plan, the parties shall indicate what dates they are available for an initial pretrial conference and whether they prefer that such conference be held telephonically or in person.

The Clerk of Court is respectfully directed to mail a copy of this Order to the Plaintiff.

Defendant is directed to provide a copy of this Order to the Civil Court.

SO ORDERED.

Dated: July 9, 2025
       New York, New York

                                                    _____
                                                              LEWIS J. LIMAN
                                                          United States District Judge

---

[1] A template is available at https://www.nysd.uscourts.gov/hon-lewis-j-liman.